

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

## NOS. PD-0601-20; PD-0602-20; PD-0603-20

## ROBERTO DELPILAR JASSO, Appellant

## V.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

*Per curiam.*

# O P I N I O N

Appellant was convicted of three counts of aggravated robbery and sentenced to 99 years in prison. After the trial court denied his motions for new trial, he filed amended motions for new trial. The judge denied those motions without a hearing. The Court of Appeals affirmed, holding that, once the trial court denied Appellant's initial motions for

new trial, Appellant "could no longer file" amended motions. *Jasso v. State*, No. 05-19-00117-CR, 2020 Tex. App. LEXIS 4278 (Tex. App.—Dallas June 9, 2020). The appellate court relied on *Rubio v. State*, 596 S.W.3d 410 (Tex. App.—Dallas 2020).

Appellant has filed a petition for discretionary review challenging the court's analysis. We recently reversed the *Rubio* opinion. *Rubio v. State*, No. PD-0234-20, 2022 Tex. Crim. App. LEXIS 32 (Tex. Crim. App. January 22, 2022). In our opinion, we held that "Texas Rule of Appellate Procedure 21.4(b) affords the trial court the discretion to grant leave of court to allow a defendant to file an amended motion for new trial prior to the expiration of the 30-day time period provided for in Rule 21.4(a), and that the court may do so regardless of whether it has overruled a previous motion for new trial."

The Court of Appeals did not have the benefit of our opinion in *Rubio*. Accordingly, we grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Rubio*.

DATE DELIVERED: March 9, 2022

DO NOT PUBLISH